■ WILLIAM J. BLOCK, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 32707.) — Appeal from a judgment of the Court of Claims entered on a decision rendered after trial. Claimant who is a lawyer was seriously injured when his car went off a State highway at a curve. He has had an award in the Court of Claims of $98,524.33. Near the curve, at a point in which it could have played some part in the accident, was a substantial patch of ice which had been there some time and which had caused other accidents. The State's brief contains this statement: "We concede that there was ample basis for finding the State negligent". The sole issue on appeal is whether the Court of Claims was justified, on the record before it, in finding that the claimant had not fallen asleep at the wheel. The State argues that the proof required a holding that the claimant had fallen asleep. The argument that he had fallen asleep depends in part on events, as found by the Court of Claims, preceding the accident, and in part on the credibility of two State police officers who testified they interviewed claimant in a hospital after the accident. The accident occurred at 7:30 A.M., December 8, 1953 on Route 9-W at West Camp near Kingston. Claimant was driving from New York City on his way to Albany. He had arisen at 7:30 A.M. on December 7 — 24 hours before the accident — had spent the day in his office and elsewhere in New York City, and had left for Albany at about 1:30 A.M. on the day of the accident. He had been stopped by police for going through a red light in Nyack; had lost some time there, and reached a point a short distance above Newburgh at about 4 o'clock where he pulled off the road and slept in his car for two hours, and then continued on to the place of accident. Thus claimant had had two hours sleep in the 24 hours before the accident; and although it might well be found that he was still sleepy an hour and a half after he had slept briefly on the road, the claimant testified distinctly that he was awake at the time of the accident and described what he did to control his car after it skidded. This kind of question is credibility in the pure sense and we are not able on the record before us to make a more adequate or accurate finding than the Judge in the Court of

Claims who heard the claimant testify at some length. Claimant may well have fallen asleep; but it is not incredible that he was wide awake, even though he had limited sleep in the preceding 24 hours. Certainly on claimant's testimony alone the finding that he was awake is not against the weight of credible evidence. But a State police officer testified that in the hospital about two hours after the accident claimant had told him that he had fallen asleep at the wheel. In examination before trial this witness testified that the claimant said to him that "he must have dozed off". In the examination before trial the police officer also testified that the claimant was "comatose" and "stupidous". On the trial the police officer testified he did not mean these words literally; but had used them sarcastically. The hospital record and medical testimony show that for a portion of the time immediately after the accident and during portions of the first day in the hospital claimant was unconscious; and the Court of Claims has found on sufficient proof that throughout the day claimant was in a state of shock, confused and disoriented. Claimant himself testified he did not become conscious until the evening of the accident. The police officer testified a physician and nurse were present when he came to the hospital and interviewed the claimant. The physician has since died; but no reason is shown why the nurse who is said to have been present at the interview should not have been called. The State police officer was corroborated in essential details by another State police officer who accompanied him. The Court of Claims found flatly that the admission about falling asleep had not been made by claimant. Even if such a flat holding might not be made, it would not be necessary to go that far to sustain the judgment. The overwhelming proof of the claimant's physical and mental condition at the time in which the interview with him is said to have occurred would require a very guarded acceptance of any admissions against interest attributed to him during this period. When there is additionally, some uncertainty arising from the testimony of the police officer himself as to just what the claimant did say, the value of the statement as an admission against interest could be deemed by a Trial Judge greatly weakened. There might, for example, be a very substantial difference in import between the statement that he "must have dozed off" which could be a mere inference; and the statement that he had dozed off, which is something quite different. The police officer's loose use of words such as "comatose" and "stupidous" casts some doubt on the value of his narrative of exactly what claimant did say. On the record before us the court was warranted in finding that claimant did not fall asleep; and the finding to this effect is justified when the record is considered as a whole. The State seems to complain especially of the finding of the court that claimant "did not make any statement that he fell asleep at the wheel". This is not technically a finding of any fact essential to decision of the issue here which is negligence either of the State, or the claimant, or both. The "finding" is a mere conclusion about evidence in the case and we treat it as unnecessary to decision. We agree that the proof sustains the finding that claimant had not fallen asleep which is the principal argument for the claimant's negligence; and since the State concedes its own negligence the judgment seems proper. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.